UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Samuel T. Johnson, | ) | C/A No.: 5:13-cv-01714-TMC-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| Robert M. Stevenson, III, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

Petitioner Samuel T. Johnson is a state prisoner who filed this pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 26, 27. On December 27, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 28. On January 2, 2014, Petitioner filed a response in opposition to Respondent's Motion for Summary Judgment. ECF No. 32. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 27, be granted.

I.    Background

Petitioner is currently incarcerated in the Perry Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In June 2008, Petitioner was indicted by a Colleton County Grand Jury for first degree burglary, armed robbery, four counts of kidnapping,

and escape/attempted escape. App. 98-111.[1]  On January 13, 2009, Petitioner appeared before the Honorable Perry M. Buckner, III, and entered a plea of guilty to the burglary, robbery, kidnapping and escape charges.[2] App. 1-37. Attorney Harris S. Beach represented Petitioner, and Deputy Solicitor Sean P. Thornton appeared on behalf of the State. App. 1. Petitioner was sentenced to four 20 year-terms of imprisonment on the kidnapping charges, 15 years on the escape charge, 20 years on the armed robbery charge, and 15 years on the burglary charge, all sentences to run concurrent to each other.  App. 36-37.  Petitioner did not file a direct appeal.

II.  Procedural History

On June 19, 2009, Petitioner filed an Application seeking post-conviction relief ("PCR"). App. 39-49. In his Application, Petitioner argued he was entitled to relief on the following grounds:

    (a) Unlawful and unconstitutional sentence;
    (b) Prosecutor's misconduct;
    (c) Ineffective assistance of counsel; and
    (d) Involuntary plead (sic).

App. 41.  In response, the State filed its Return dated February 25, 2010, and requested an evidentiary hearing. App. 50-55. On April 21, 2011, an evidentiary hearing was conducted in Colleton County before the Honorable D. Craig Brown. App. 57.  At the hearing Petitioner was represented by J.D. Bryan, Esq., while the State was represented by Assistant Attorney General Matthew J. Friedman.  *Id.*  Petitioner and his former defense attorney, Harris Beach, testified at the hearing.  App. 59-88. On May 13, 2011, the PCR court issued an order denying Petitioner relief and making the following findings of fact and conclusions of law:

---

[1] Citations to "App." refer to the Appendix for Petitioner's appeal of his judgment of conviction. That appendix is available at ECF No. 26-1 in this habeas matter.

[2] Petitioner was also indicted on four charges of assault with intent to kill that were nolle prossed on January 13, 2009 pursuant to plea negotiations.  ECF No. 26-3 at 1-12.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court has had the opportunity to review the record in its entirety and has heard the testimony and arguments presented at the PCR hearing. This Court has further had the opportunity to observe each witness who testified at the hearing, and to closely pass upon his or her credibility. This Court has weighed the testimony accordingly. Set forth below are the relevant findings of fact and conclusions of law as required by S.C. Code Ann. § 17-27-80 (2003).

Applicant testified that he filed a speedy trial motion and wanted to go to trial. He asserted that he pled guilty on counsel's advice.  He testified that he and counsel never discussed the elements of the crimes or what the State had to prove. He testified that he had statements from alibi witnesses. He admitted that these alibi witnesses were not available to testify at the PCR hearing, but he claimed that he asked his attorney to subpoena them for the PCR hearing. Applicant testified that plea counsel failed to move to dismiss based on lack of evidence and failed to move to suppress the gun. He contended that counsel failed to file a *Brady*/Rule 5 motion. Applicant also testified that counsel failed to properly investigate and failed to object to the amendment of the indictments.

Plea counsel testified that Applicant was facing twelve total charges and he ultimately pled guilty to seven charges. Counsel testified that he did not object to the amendment of the indictments because the amendments merely corrected names and did not change the nature of the offense. He testified that he discussed with Applicant the elements of each charge and what the State was required to prove. He asserted that Applicant informed him of some potential alibi witnesses, but these witnesses did not pan out. Counsel testified that he requested and received discovery, and he reviewed the material with Applicant. Counsel asserted that it was Applicant's decision to plead guilty after counsel informed Applicant of the consequences of the plea and the significance of a negotiated sentence.

### Ineffective Assistance of Counsel/ Involuntary Guilty Plea

The Applicant alleges that he received ineffective assistance of counsel and that his plea was not entered freely and voluntarily. In a post-conviction relief action, the applicant has the burden of proving the allegations in the application. Rule 7l.1(e), SCRCP; <u>Butler v. State</u>, 286 S.C. 441, 334 S.E.2d 813 (1985). Where ineffective assistance of  counsel is alleged as a ground for relief, the applicant must prove that "counsel's conduct so undermined the proper functioning of the adversaria1 process that the trial cannot be relied upon as having produced a just result." <u>Strickland v. Washington</u>, 466 U.S. 668 (1984); <u>Butler</u>, 334 S.E.2d 813.

The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. The courts  presume  that  counsel    rendered  adequate  assistance  and  made  all

significant decisions in the exercise of reasonable professional judgment. Strickland, 466 U.S. 668. The applicant must overcome this presumption in order to receive relief. Cherry, 386 S.E.2d 624.

Courts use a two-pronged test to evaluate allegations of ineffective assistance of counsel. First, the applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." Id. at 625 (citing Strickland, 466 U.S. 668). Second, counsel's deficient performance must have prejudiced the applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors the result of the proceeding would have been different." Id. at 625. When there has been a guilty plea, the applicant must prove that counsel's representation was below the standard of reasonableness and that, but for counsel's unprofessional errors, there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370 (1985); Roscoe v. State, 345 S.C. 16, 20, 546 S.E.2d 417, 419 (2001).

To be knowing and voluntary, a plea must be entered with a full understanding of the charges and the consequences of the plea. Boykin v. Alabama, 395 U.S. 238, 243-44, 89 S. Ct. 1709, 1712 (1969); Dover v. State, 304 S.C. 433, 434, 405 S.E.2d 391, 392 (1991). When determining issues relating to guilty pleas, the court will consider the entire record, including the transcript of the guilty plea, and the evidence presented at the post-conviction relief hearing. Anderson v. State, 342 S.C. 54, 57, 535 S.E.2d 649, 657 (2000)(citing Harres v. Leeke, 282 S.C. 131, 318 S.E.2d 360 (1984). When a defendant pleads guilty on the advice of counsel, the plea may only be attacked through a claim of ineffective assistance of counsel. Roscoe, 345 S.C. at 20, 546 S.E.2d at 419 (citations omitted).

This Court finds that counsel's testimony was credible. This Court finds that counsel is a trial practitioner who has extensive experience in the trial of serious offenses. Counsel conferred with the Applicant on numerous occasions. During conferences with the Applicant, counsel discussed the pending charges, the elements of the charges and what the State was required to prove, Applicant's constitutional rights, Applicants version of the facts, and possible defenses or lack thereof.

The record reflects that Applicant understood the nature of the charges and the possible punishments. At the plea hearing, he indicated that he was fully satisfied with counsel and that no one threatened him or promised him anything to get him to plead guilty. He told the court that he understood the terms of the negotiated sentence. He also admitted guilt at the plea hearing. This Court finds that Applicant's plea was entered voluntarily and intelligently with a full understanding of the consequences. This Court finds that Applicant understood the terms of the negotiated sentence and that it was Applicant's decision to plead guilty.

Regarding Applicant's claims of ineffective assistance of counsel, this Court finds Applicant has failed to meet his burden of proof. This Court finds that Applicant's attorney demonstrated the normal degree of skill, knowledge. professional judgment, and representation that are expected of an attorney who practices criminal law in South Carolina. State v. Pendergrass, 270 S.C. 1, 239 S.E.2d 750 (1977); Strickland, 466 U.S. at 668; 286 S.C. 441, 334 S.E.2d 813. This Court further finds counsel adequately conferred with Applicant, reviewed the discovery with him, conducted a proper investigation, and was thoroughly competent in his representation. This Court finds that counsel obtained a favorable negotiated sentence of twenty (20) years for Applicant considering that Applicant was facing twelve charges, including five charges that carried a maximum sentence of thirty (30) and one charge that carried a maximum sentence of life. This Court finds that counsel's representation did not fall below an objective standard of reasonableness.

This Court finds that Counsel properly investigated Applicant's potential alibi witnesses.  Counsel testified that these witnesses did not pan out. Moreover, these potential alibi witnesses did not appear at the PCR hearing. Prejudice from trial counsel's failure to interview or call witnesses cannot be shown where the witnesses do not testify at the post-conviction relief hearing. Underwood v. State, 309 S.C. 560, 425 S.E.2d 20 (1992). An applicant's mere speculation as to what witnesses would have testified to at trial, cannot, by itself, satisfy his burden of showing prejudice. Glover v. State, 318 S.C. 496, 458 S.E.2d 538 (1995).

Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test, specifically that counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that counsel committed either errors or omissions in his representation of the Applicant. The Applicant failed to show that counsel's performance was deficient.  This Court also finds that the Applicant has failed to prove the second prong of Strickland, specifically that he was prejudiced by plea counsel's performance. This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance.  See, Frasier v. State, 351 S.C. 385, 389, 570 S.E.2d 172, 174 (2002).

## All Other Allegations

As to any and all allegations that were raised in the application or at the hearing in this matter and not specifically addressed in this Order, including  unlawful sentence and prosecutorial misconduct, this Court finds the Applicant failed to present any evidence regarding such allegations. Accordingly, this Court finds the Applicant waived such allegations and failed to meet his burden of proof regarding them. Therefore, they are hereby denied and dismissed.

## CONCLUSION

> Based on all the foregoing, this Court finds and concludes the Applicant has not established any constitutional violations or deprivations before or during his guilty plea and sentencing procedure. Therefore, this application for PCR must be denied and dismissed with prejudice.

App. 91-96.  Petitioner filed a Notice of Appeal on August 2, 2011. ECF No. 26-4. Petitioner, represented by Robert M. Pachak of the South Carolina Commission on Indigent Defense, timely filed a *Johnson*[3] Petition for Writ of Certiorari.  ECF No. 26-5. Petitioner presented one issue on appeal and argued: "Whether plea counsel failed to subject the State's case to meaningful adversarial testing." *Id.* at 3.    Petitioner filed a pro se Response to the *Johnson* Petition on June 18, 2012, and an Amended Pro Se Response on October 12, 2012. ECF Nos. 26-8, 26-9.  On May 1, 2013, the South Carolina Supreme Court denied certiorari. ECF No. 26-10.   The Remittitur was issued on May 17, 2013.  ECF No. 26-11.

On August 24, 2012, Petitioner filed a Second PCR Application.  ECF No. 26-12.  In his Application, Petitioner argued he was entitled to relief on the following grounds:

(a) ineffective assistance of counsel;
(b) Sentence in violation of South Carolina law;
(c) Court did not have jurisdiction to impose sentence.

*Id.* at 3. This action is currently pending.[4]  Petitioner's habeas Petition was filed on June 24, 2013.  ECF No. 1.

III.    Discussion

A.  Federal Habeas Issues

Petitioner raises the following issues in his federal Petition for a Writ of Habeas Corpus, quoted verbatim:

---

[3] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).
[4] A proposed Conditional Order of Dismissal was submitted to the state court judge on April 9, 2014, which remains pending. *See* ECF No. 48.

GROUND ONE:  Unlawful and unconstitutional sentence.

Supporting facts:  Petitioner maintains the sentence was in violation of S.C. Code Ann. § 24-13-410, and therefore the court was without jurisdiction to impose the sentence.  During the plea hearing the plea judge asked the solicitor were there any negotiations.  App. p. 4, line 10-11.  The solicitor responded that there was a negotiated sentence of 20 years sentence concurrent.  App. p. 4, line 12-17.  The court then later inquired as to the defendant's understanding of the plea negotiations.  The court explained that the negotiations were a sentence of 20 years, except for the escape, which would be a sentence maximum of 15 years, all to run concurrent.  Defendant affirmed before the court that was his understanding of the negotiations.  App. p. 24, line 5-18.

At one point and time, the Court inquired with the solicitor and counsel as to whether or not the escape offense required that the sentence be consecutive.  The solicitor told the court "no," and counsel also ignorant to the applicable law expressed that it was his understanding that the offense does not require that.  The solicitor went on to say that the "law used to be that it required it, but when they changed it to a 15 year offense, it does not require that it be consecutive" and counsel agreed.  App. P. 22, line 7-21.  The court sentenced petitioner running all sentences concurrent.

S.C. Code Ann § 14-13-410 states:

   (A) It is unlawful for a person, lawfully confined in prison or upon the public  works of a county or while in the custody of a superintendent, guard, or officer, to escape, to attempt to escape, or to have in his possession tools or weapons which may be used to facilitate an escape.
   (B)  A person who violate this section is guilty of a felony and upon conviction, must be imprisoned not less than one year nor more than fifteen years.
   (C)  The term of imprisonment is consecutive to the original sentence and to other sentences previously imposed upon the escapee by a court of this state.

It is clear that not only was the solicitor incorrect about the consecutive requirement having been changed, but counsel was incorrect as well.  Petitioner maintains that he received incorrect sentencing advice.  The sentence in this case is in violation of the laws of South Carolina and must be corrected.  Petitioner maintains that if and when the sentence is adjusted in accordance with the statutory mandated sentencing he will be serving a total of thirty-five years which was not the terms of the negotiations.  Thus, Petitioner is entitled to withdraw his plea.

GROUND TWO:  Ineffective assistance of counsel for failure to object to the amendment of the indictments.

Supporting facts: The amendment of the indictment effects an "address" question in indictment number 2008-GS-15-426 and a change of victim in 2008-GS-15-428. (App. p. 3, line 20- p.4, line 2), see also App. p. 16, line 5-21 and App. p. 27, line 24-p. 28, line 1. Then in indictment number 2008-GS-15-426, the victim is named as Tiffany Brown, in 2008-GS-15-425 as Tiffany Finley, and in 2008-GS-15-430 as Tiffany Finley. App. p. 10, line 19-25; app. p. 13, line 5-17, and App. p. 20, line 2-10. Yet when the judge asked the solicitor who was present in the room, for the record, the name is given as Tiffany Finley, App. p. 34, line 22 – p. 35, line 4. Clearly, trial counsel had a duty to object to an amendment of an indictment which affected the place of the crime and the identity of the victim.

GROUND THREE: Ineffective assistance of counsel for failing to move to suppress the gun.

Supporting facts: At the PCR hearing, Petitioner testified that he had a .380 semiautomatic in his possession. Moreover, that weapon was registered in his name. App. p. 72, line 14-15. This weapon or the lack of a weapon was one of the ingredients of innocence or guilt. However, at the plea hearing, the weapon was identified by the solicitor as a 9 millimeter Larson pistol. App. p. 28, line 9-10, and App. p. 72, line 6- p. 73, line 13. Plea counsel made no attempt to object or have the State re-clarify, if it could, the identity of this critical evidence. Therefore, it is likely that Petitioner would have went to trial if he had been properly informed and counsel would have objected to the evidence.

GROUND FOUR: Ineffective Assistance of Counsel regarding Alibi Defense and Witness and Lack of Probable Cause for Arrest; U.S. Const., Amend(s). IV, VI, & XIV.

Supporting facts: Trial/Plea counsel rendered ineffective and deficient performance, in that, counsel; (1) failed to thoroughly investigate and present Petitioner's alibi defense and witness; and (2) failed to attack and/or challenge law enforcement's lack of probable cause for arrest, which further would have resulted in the introduction of "fruit from the poisonous tree" evidence.

ECF No. 1 at 5-10; ECF No. 1-3 at 1-2.

B. Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth

specific facts showing that there is a genuine issue for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

  C.  Habeas Corpus Standard of Review

    1.  Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615

(4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.     Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. 28 U.S.C. § 2254(a)-(b). The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.     Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A)    the applicant has exhausted the remedies available in the courts of the State; or

(B)    (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) *overruled on other grounds by U.S. v. Barnette*, 644 F.3d 192 (4th Cir. 2011). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR;

S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by section 17-27-80 of the South Carolina Code, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Strict time deadlines govern direct appeals and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or the South Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the

federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  As the United States Supreme Court explains:

> [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance,

the exhaustion requirement is technically met and the rules of procedural bar apply.  *See Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996)).

### 3.    Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray v. Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id*. Absent a showing of cause, the court is not required to consider actual prejudice.  *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray v. Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

### IV.    Analysis

#### A.  Procedurally-Barred Grounds

As an initial matter, Respondent maintains that Ground One and the second claim in Ground Four ("Ground Four (b)") are procedurally barred from review because they were not ruled upon by the PCR court or properly presented to the South Carolina Supreme Court. ECF No. 26 at 17. Here, Petitioner raised Ground One in his PCR Application. ECF No. 26-12. However, PCR counsel failed to question him on Ground One during the PCR hearing, and the

PCR court found Petitioner waived this Ground for relief.  App. 96. Thereafter, Petitioner raised Ground One in his pro se petition to the South Carolina Supreme Court. ECF No. 26-8. Petitioner failed to raise Ground Four (b) in his PCR Application, and the PCR Court did not rule on Ground Four (b) in its order. ECF No. 26-12, App. 92-98.

In *Martinez v. Ryan*, the Supreme Court held that a habeas corpus petitioner asserting claims for ineffective assistance of counsel can demonstrate sufficient cause to excuse a procedural default upon a showing that counsel in the initial-review collateral proceeding was ineffective in failing to raise a claim that should have been raised below. 132 S.Ct. 1309, 1318 (2012). Here, Petitioner has demonstrated that he attempted to raise Ground One to the PCR court's attention and later to the South Carolina Supreme Court's attention. Therefore, the undersigned will review Ground One on the merits. *See id.* at 1320 (allowing a federal court to consider the merits of a claim that otherwise would have been procedurally barred).

"To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* at 1318. Although Petitioner has failed to demonstrate that his claim in Ground Four (b) is substantial, in an abundance of caution the undersigned will also address Ground Four (b) on the merits.

B.     Merits

In Grounds One through Four, Petitioner alleges ineffective assistance of counsel. The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution.  *McMann v. Richardson*, 397 U.S. 759, 771 (1970).  In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that to establish ineffective assistance of counsel, a petitioner must show deficient performance and

resulting prejudice. Counsel renders ineffective assistance when his performance "[falls] below an objective standard of reasonableness," but there is a "strong presumption" that counsel's performance was professionally reasonable. *Id.* at 688-89. Prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the context of a guilty plea, ineffective assistance of counsel claims may be asserted in limited circumstances.  In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

1.   Unlawful and unconstitutional sentence

Petitioner maintains that the sentence imposed by his plea court violates section 24-13-410 of the South Carolina Code. ECF No. 1 at 5. Specifically, Petitioner argues section 24-13-410 requires that he serve consecutive rather than concurrent sentences. *Id.* at 6. Moreover, Petitioner claims that "if and when the sentence is adjusted in accordance with the statutory mandated sentencing[,] he will be serving a total of thirty-five years which was not the terms of the negotiations. Thus, Petitioner is entitled to withdraw his plea." *Id.*

In addressing Ground One on the merits, Respondent argues that Petitioner failed to state a claim upon which federal habeas relief can be granted. ECF No. 26 at 22-23. Specifically, Respondent contends that Petitioner's claim concerns the wrongful application of section 24-13-410 of the South Carolina Code during his sentencing which falls outside the jurisdiction of this

court. *Id.* Moreover, Respondent maintains that Petitioner cannot demonstrate he was prejudiced in any way based on the application of section 24-13-410. *Id.* at 23.

In discussing at the plea hearing whether Petitioner's sentences should run concurrent or consecutive, the Solicitor opined, "it's not required to be consecutive." App. 22. Petitioner's plea counsel then agreed with the Solicitor's opinion and informed the plea court that it was unnecessary to reference the section 24-13-410 directly because he was "satisfied that [the Solicitor] was correct." *Id.* Accordingly, the plea court sentenced Petitioner to twenty years' imprisonment on the three kidnapping charges and armed robbery charge and fifteen years' imprisonment for his escape charge with all sentences running concurrent. App. 36-37.

The undersigned finds that this court is prohibited from granting habeas relief unless the state court's decision contradicts, or is an unreasonable application of, "clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The terms of the sentence imposed by the plea court do not contradict and are not an unreasonable application of federal law as determined by the Supreme Court of the United States. Rather, the plea court based its ruling on a South Carolina statute concerning sentence terms for a person found guilty of escape. *See* S.C. Code Ann. § 24-13-410. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Therefore, this court cannot conclude that the state plea court's determination on the issue was contrary to, or an unreasonable application of, clearly established federal law. *See e.g., Bustos v. White*, 521 F.3d 321, 325-26 (4th Cir. 2008) (holding that because there is no Supreme Court precedent establishing that parole ineligibility constitutes a direct, rather than a collateral, consequence of a guilty plea, there was no basis for determining that the state court decision was contrary to, or involved an

unreasonable application of, clearly established federal law); *see also Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (internal citation omitted) (stating that "there can be no Supreme Court precedent to be contradicted or unreasonably applied, and therefore no habeas relief, when there is no Supreme Court precedent on point or where the Court has reserved the question."). The undersigned must agree with the state court's application of its own law to the facts of this case and find that Petitioner's sentence was not unlawful or unconstitutional.

In any event, Petitioner has not demonstrated that he was prejudiced from the sentence imposed in accordance with the second prong of the *Strickland* test. *See Strickland*, 466 U.S. at 687 (requiring a petitioner show deficient performance and resulting prejudice). Section 24-13-410 requires a person serve fifteen years for an escape violation and "[t]he term of the imprisonment is consecutive to the original sentence and to other sentences previously imposed upon the escapee by a court of this State." Therefore, had the plea court imposed a fifteen year consecutive sentence rather than concurrent sentence for Petitioner's escape charge, Petitioner would be serving an additional fifteen years in prison. Instead, the plea court imposed concurrent sentences which allow Petitioner serve his sentences simultaneously. Therefore, Petitioner benefitted from the terms of his sentences.  Accordingly, the undersigned also recommends granting Respondent's Motion for Summary Judgment concerning Ground One because Petitioner failed to demonstrate the prejudice prong of the *Strickland* test.

> 2. Ineffective assistance of counsel for failure to object to the amendment of the indictments

At the beginning of Petitioner's plea hearing, Solicitor Thornton requested that the address be changed on indictment number 2008-GS-15-426. App. 3. Additionally, Solicitor Thornton requested that the spelling of the victim's name in indictment number 2008-GS-15-428 be changed. *Id.* at 3-4. Plea counsel did not object. *Id.* Petitioner maintains that plea counsel had

a duty to object to an amendment of an indictment which affected the place of the crime and the identity of the victim. ECF No. 1 at 8. Respondent argues that Petitioner has failed to demonstrate that the PCR court made an unreasonable determination of facts or unreasonably applied federal law. ECF No. 26 at 25. Therefore, Respondent maintains Ground Two should be denied. *Id.*

In South Carolina, an indictment may be amended if: "(1) it does not change the nature of the offense; (2) the amended charge is a lesser included offense of the original crime charged in the indictment; or (3) the defendant waives presentment to the grand jury and pleads guilty." *State v. Fonseca*, 681 S.E.2d 1, 4 (S.C. Ct. App. 2009). Here, the substance and nature of the crime charged was not affected by amending the indictment, and Petitioner was on notice of the changes to the indictment and indicated that he understood the nature of the charges against him during the plea hearing. App. 13, 16. In any event, Petitioner has failed to demonstrate that his plea counsel would have been successful had he lodged an objection. Therefore, the amendment did not prejudice him. *See Almon v. U.S.*, 302 F. Supp. 2d 575, 586 (D.S.C. 2004) ("There can be no ineffective assistance of counsel for failing to raise a claim which is not legally viable.").

The PCR court found that plea counsel testified that he did not object to the amendments of the indictments because the amendments merely corrected names and did not change the nature of the offense. App. 92. The undersigned finds that Petitioner cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law in rejecting this claim, or that the PCR court made objectively unreasonable factual findings. A review of the guilty plea transcript and the testimony at the PCR hearing reveals that the PCR court's denial was fully supported by the record and was reasonable and therefore, it is entitled to deference here. Additionally, the PCR court found trial counsel's testimony to be credible and implicitly found

Petitioner not to be credible. This credibility determination is also entitled to deference. *Wilson v. Ozmint,* 352 F.3d 847, 858-59 (4th Cir. 2003). Further, Petitioner has not clearly shown that the PCR court's credibility determinations were without support. *See Elmore v. Ozmint*, 661 F.3d 783, 850 (4th Cir. 2011) ("We must be 'especially' deferential to the state PCR court's findings on witness credibility, and we will not overturn the court's credibility judgments unless its error is 'stark and clear.'") (quoting *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010) and *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008)).  Accordingly, the undersigned recommends that Respondent's Motion for Summary Judgment be granted as to Ground Two.

3.   Ineffective assistance of counsel for failing to move to suppress the gun

Petitioner argues that he received ineffective assistance of counsel because his plea counsel failed to move to suppress the gun allegedly used in the commission of the crime. ECF No. 1 at 9. Specifically, Petitioner maintains that a .380 semiautomatic gun is registered in his name and was in his possession rather than the 9 millimeter Larson pistol identified by the Solicitor during Petitioner's plea hearing. *Id.*

Respondent maintains that Ground Three is without merit because Petitioner has not shown that a state court made an unreasonable determination of the facts or unreasonably applied federal law in denying relief. ECF No. 26 at 27. Moreover, Respondent argues that Petitioner did not present any evidence during the PCR hearing that supports his allegation that law enforcement recovered a gun that was different from the gun mentioned at the plea hearing. *Id.* at 28. Based on Petitioner's failure to present evidence, Respondent contends he failed to make a prima facie showing that counsel was deficient. *Id.* Further, Respondent maintains that Petitioner did not establish that such a motion to suppress would have been successful, or that he would have chosen to go to trial but for counsel's failure to move to suppress. *Id.*

Here, Petitioner has failed to demonstrate that plea counsel was deficient in failing to move to suppress the gun. In the PCR hearing, Petitioner did not present any evidence to support his allegation that the gun recovered by law enforcement was different from the gun described in the plea hearing. Without demonstrating that the motion would have been meritorious, Petitioner cannot show his plea counsel was deficient. *See Sexton v. French*, 163 F.3d 874, 882 (4th Cir. 1998) (holding to establish deficient performance and prejudice in the context of a failure to file a motion to suppress, a petitioner must demonstrate that such a motion would have been successful). In any event, Petitioner has failed to demonstrate that he was prejudiced by the alleged deficient performance. *See Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986) (holding a defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice); *Sexton*, 163 F.3d at 882.

The undersigned finds that Petitioner cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law in rejecting this claim, or that the PCR court made objectively unreasonable factual findings. Accordingly, the undersigned recommends that Respondent's Motion for Summary Judgment be granted as to Ground Three.

    4. Ineffective Assistance of Counsel regarding Alibi Defense and Witnesses and Lack of Probable Cause for Arrest; U.S. Const., Amend(s). IV, VI, & XIV

     a. Thorough Investigation and Alibi Witnesses

Petitioner maintains that plea counsel did not conduct a thorough investigation and present Petitioner's alibi defense and witnesses. ECF No. 1-3. Respondent maintains that the PCR court did not make an unreasonable determination of the facts in denying relief upon this claim. ECF No. 26 at 29. Moreover, Respondent argues that Petitioner admitted that alibi witnesses were not available to testify at his PCR hearing. *Id.* Additionally, Respondent argues

that Petitioner cannot show that the PCR Court unreasonably applied federal law in denying relief upon this claim. *Id.* at 30.

First, Petitioner has failed to demonstrate that his plea counsel was deficient pursuant to *Strickland*. At the PCR hearing, plea counsel testified that he looked into an alibi defense but that the alibi witnesses did not pan out. App. 83. On this issue, the PCR court found that plea "counsel properly investigated [Petitioner's] potential alibi witnesses [and] testified that these witnesses did not pan out." App 95. Based on this finding, the PCR court found Petitioner failed to prove the first prong of the *Strickland* test.

Second, Petitioner failed to demonstrate that he was prejudiced by plea counsel's failure to present alibi witnesses in his defense. Petitioner produced no witnesses or evidence in his PCR hearing to support his assertions that alibi witnesses would have been beneficial. *Bassette v. Thompson*, 915 F.2d 932, 939, 940-41 (4th Cir. 1990); *see also Glover v. State*, 458 S.E.2d 539, 540 (S.C. 1995) ("[B]ecause the other witnesses respondent claimed could have provided an alibi defense did not testify at the PCR hearing, respondent could not establish any prejudice from counsel's failure to contact these witnesses."); *Underwood v. State*, 425 S.E.2d 20, 22 (S.C. 1992) (finding prejudice from trial counsel's failure to interview or call witnesses could not be shown where witnesses did not testify at PCR hearing).  Therefore, Petitioner did not prove the second prong of the *Strickland* test either.

The PCR court's rejection of the ineffective assistance of counsel claim for failing to conduct a thorough investigation and call alibi witnesses did not result in an unreasonable application of *Strickland* and was not based upon an unreasonable determination of facts in light of the state court record. Accordingly, the undersigned recommends Respondent's Motion for Summary Judgment be granted as to Ground Four (a).

b. Lack of Probable Cause for the Arrest

Petitioner maintains his plea counsel was ineffective for failing to attack and/or challenge law enforcement's lack of probable cause for arrest, which further would have resulted in the introduction of "fruit from the poisonous tree" evidence. ECF No. 1-3 at 2. Respondent argues that this claim is procedurally defaulted and without merit. ECF No. 26 at 31. Specifically, Respondent maintains that Petitioner failed to demonstrate that plea counsel was deficient or that Petitioner was prejudiced from any deficiency. *Id.*

The undersigned finds that Petitioner cannot demonstrate a *Strickland* violation occurred. Petitioner never raised a valid challenge to the probable cause for his arrest during the PCR hearing. Therefore, he has failed to demonstrate that plea counsel was deficient for failing to challenge probable cause for Petitioner's arrest under the first prong of *Strickland*. *See Sexton*, 163 F.3d at 882.

Additionally, Petitioner failed to meet the requirements of prong two of *Strickland*. All of Petitioner's indictments were true-billed by the grand jury. Therefore, even if there were lack of probable cause for the initial arrest, sufficient probable cause existed to support the charges against Petitioner going to trial. *See e.g.*, *U.S. v. Soriano-Jarquin*, 492 F.3d 495, 502 (4th Cir. 2007) ("This court has long held that the probable cause requirement may be satisfied either by a preliminary hearing or by indictment by a grand jury."); *State v. McClure*, 289 S.E.2d 158, 160 (S.C. 1982) ("The indictment itself constitutes a finding of probable cause and thus avoids the need for a preliminary hearing."). Accordingly, Petitioner failed to demonstrate that he suffered any prejudice from plea counsel's failure to challenge law enforcement's lack of probable cause for his arrest as required by prong two of the *Strickland* test.

Accordingly, the undersigned recommends that Respondent's Motion for Summary Judgment be granted as to Ground Four (b) because Petitioner cannot demonstrate that he received ineffective assistance of counsel under *Strickland*.

V.    Conclusion and Recommendation

Therefore, based upon the foregoing, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 27, be granted and the Petition be denied.

IT IS SO RECOMMENDED.

July 11, 2014                                    Kaymani D. West
Florence, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**